UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND                  18-md-2865 (LAK)
LITIGATION

This paper applies to:           All Cases
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-16-21

[PROPOSED] PRETRIAL ORDER NO. 29

LEWIS A. KAPLAN, *District Judge.*

        On October 5, 2021, this Court held a status conference in all of the cases pending
in this consolidated action.  In light of the discussion at that conference, it is hereby

        ORDERED, as follows:

        1.      The following schedule shall govern further discovery proceedings in
these cases:

        1.1     All fact discovery, other than pending requests for foreign
                discovery through letters rogatory issued by the Court, shall be
                completed on or before December 3, 2021 absent good cause
                shown.

                1.1.1   SKAT is not precluded from taking the
                        depositions of Arthur Woodard and
                        Kathleen Wechter, whose depositions were
                        noticed prior to the October 5, 2021
                        conference for reasons of timeliness, without
                        prejudice to counsel for those individuals
                        filing any motion to quash.  Absent good
                        cause shown, the time to depose additional
                        third-party witnesses has expired.

                1.1.2   Defendants are not precluded on timeliness
                        grounds from taking the deposition(s) of any
                        SKAT representative(s) who verify SKAT's
                        responses to interrogatories subsequent to
                        the October 5 court conference.

2

1.2     The parties shall identify their experts and the topics on which they will testify on or before December 3, 2021.

1.3.     The parties shall serve all Rule 44.1 notices on or before December 3, 2021.

1.4.     The parties shall make required Rule 26(a)(2) disclosures with respect to:

    (a)     Expert witnesses on or before December 31, 2021.

    (b)     Rebuttal expert witnesses on or before February 1, 2022.

1.5.     Reply expert reports shall be served on or before February 28, 2022.

1.6.     All expert discovery, including depositions, shall be completed on or before April 8, 2022.

2.     The following schedule shall govern summary judgment proceedings:

2.1.     Motions for summary judgment or partial summary judgment will be based on certain bellwether cases.

2.2     The Plaintiff shall submit its selection of bellwether and backup cases to Defendants on or before November 15, 2021. Defendants shall provide their response and any counterproposal to Plaintiff within a week. To the extent that the parties differ in their selection of any bellwether or backup cases, they shall submit separate proposed selections on or before January 31, 2022. The bellwether and backup cases shall consist of:

    (a)     One case where the defendants used Solo Capital Partners LLC as their custodian in 2012 or 2013.

    (b)     Four cases where the defendants used one or more of Solo Capital Partners, Telesto Markets LLC, Old Park Lane Capital PLC, and West Point Derivatives Ltd., as their custodian in 2014 or 2015.

    (c)     One case where defendants used ED&F Man Capital Markets Limited ("ED&F") as their custodian and the refund applications included one or more of the 80 tax vouchers (the "Annex E" tax vouchers) which ED&F has stated contained errors with respect to dividend amounts received and/or amounts of tax withheld.

3

           (d)     One case where defendants used ED&F as their custodian and the refund applications included one or more tax vouchers prepared by ED&F other than the Annex E tax vouchers (to the extent any party intends to move for summary judgment with respect to a case involving refund applications containing non-Annex E tax vouchers).

           (e)     Two backup cases to replace each bellwether case should summary judgment proceedings no longer go forward, for any reason, with regard to the initially selected bellwether case.

    2.3     The parties shall serve each other on or before February 28, 2022 with:

           (a)     A draft outline (not to exceed 5 pages in length) of their proposed summary judgment or partial summary judgment motion.

           (b)     A draft Rule 56.1 statement for the purpose of submitting a joint Rule 56.1 statement.

    2.4     The parties shall exchange responses to the draft Rule 56.1 statements on or before March 14, 2022.

    2.5     The parties shall file a joint Rule 56.1 statement on or before March 31, 2022. To the extent the parties disagree as to the material facts as to which there is no genuine dispute, they shall file supplemental Rule 56.1 statements as necessary on March 31, 2022. *[handwritten: All movants and all non-movants each]*

    2.6     The parties shall move for summary judgment or partial summary judgment on or before April 15, 2022. ~~Each side~~ shall submit one motion. *[handwritten: joint]* To the extent that defendants or third-party defendant have different positions, they shall supplement the motion.

    2.7     The parties shall file oppositions on or before May 23, 2022. Each side shall submit one opposition. *[handwritten: joint]* To the extent that defendants or third-party defendant have different positions, they shall supplement the opposition.

    2.8     The parties shall ~~file~~ replies on or before June 13, 2022. *[handwritten: joint]* Each side shall submit one reply. To the extent that defendants or third-party defendant have different positions, they shall supplement the reply.

    2.9     To the extent any argument is not included in a party's draft outline by reason of its development in connection with expert discovery after January 31, 2022, a party will not be precluded from raising such argument in a motion for summary judgment or in any other proceeding.

               SO ORDERED

               LEWIS A. KAPLAN, USDJ

*[handwritten: 11/15/21]*